```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ROBERT LEE WILLIAMS,

           Plaintiff,

-vs-                          Case No. 2:07-cv-547-FtM-29SPC
                                  Case No. 2:06-cr-95-FTM-29SPC

UNITED STATES OF AMERICA,

           Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Petitioner's Motion for Appointment of Counsel (Doc. #45) and Application to Proceed Without Prepayment of Fees and Affidavit (Doc. #46) placed in the prison mail system on November 2, 2008, and filed on November 5, 2008. The documents will be construed to contain a Notice of Appeal, and pursuant to Fed. R. App. P. 22(b)(1), to the extent the appeal stems from the Opinion and Order (Doc. #41) denying petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, the appeal is deemed to also include an application for certificate of appealability.

Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability issues. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas

petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a substantial showing, petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(citation omitted). Petitioner must prove something more than the absence of frivolity or the existence of mere good faith, but petitioner is not required to prove that some jurists would grant the petition for habeas corpus. Miller-El, 537 U.S. at 338.

On September 26, 2008, the Court entered an Opinion and Order (Doc. #41) denying petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody as to all claims. Judgment (Doc. #42) was entered in the associated civil case on September 29, 2008. Upon review, the Court finds that petitioner has failed to show that jurists of reason would find the Court's assessment of the constitutional claim debatable or wrong or that the Court was incorrect in its procedural rulings. Therefore, a certificate of appealability will be denied.

Petitioner seeks the appointment of counsel. As the Court has determined both the habeas petition and petitioner's Motion for Modification of an Imposed Term of Imprisonment (Doc. #43), the Court finds no basis to appoint counsel. Additionally, since the Court has denied the certificate of appealability, the request to proceed *in forma pauperis* on appeal will be denied.

Accordingly, it is now

**ORDERED:**

1. The Clerk shall construe the Application to Proceed Without Prepayment of Fees and Affidavit as containing a Notice of Appeal and transmit the appeal to the Eleventh Circuit Court of Appeals forthwith.

2. Petitioner's Motion for Appointment of Counsel (Doc. #45) is **DENIED.**

3. Petitioner's application for certificate of appealability, deemed included in the construed Notice of Appeal, is **DENIED.**

4. Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. #46) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of November, 2008.

JOHN E. STEELE
United States District Judge

```
Copies:
All Parties of Record

United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303
```